



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

March 15, 2019

**SUBMITTED UNDER SEAL**

The Honorable Richard J. Sullivan
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: **Continued Sealing of Materials in Connection with the Title III Interception Corresponding to USAO Number 2015R00930**

Dear Judge Sullivan:

Pursuant to the Court's January 21, 2019 order, the Government respectfully submits this letter regarding the need for continued sealing of letters (the "Status Letters") previously filed by the Government regarding the sealing of materials related to a Title III Interception of communications transmitted over phone number (347) 417-4860 (the "Wiretap"). For the reasons discussed below, the Government respectfully requests that the Status Letters be unsealed, with the exception of limited information in three of the letters that the Government submits should be maintained under seal.

In the Government's January 18, 2019 status letter, the Government sought to seal status letters that had been filed beginning on July 6, 2017, because those letters described a cooperating witness (the "CW") who was a made member of the Bonanno Organized Crime Family and who was proactively cooperating with the Government. The CW has now testified publicly in *United States v. Cammarano, et al.*, S2 18 Cr. 15 (AKH), and there is no longer a need for continued sealing of the Status Letters. However, the Government respectfully requests that certain portions of the Status Letter be maintained under seal. ▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ If the Court approves the continued sealing of the limited

information in these letters, the Government will provide redacted copies to the Court for public disclosure.

For the foregoing reasons, the Government submits that only a limited, continued sealing of the Status Letters is appropriate, and the presumption of public access to the proposed sealed information is outweighed by law enforcement concerns. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (law enforcement concerns involving confidential informants may outweigh presumption of public access).

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
Jason M. Swergold
Assistant United States Attorney
(212) 637-1023

---

ORDER (M19-97)

IT IS HEREBY ORDERED THAT the government shall publicly file all previously sealed status letters in this matter. However, because several of the status letters, and this letter itself, contain sensitive, personal information ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the Court concludes that the presumption in favor of public access is outweighed by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Accordingly, IT IS FURTHER ORDERED THAT the three exhibits, and this letter and Order, shall be filed in redacted form with the Clerk of the Court.

SO ORDERED.

Dated: March 22, 2019
New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation